DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    scott.joiner@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 20-MJ-70705 |
| Plaintiff, | STIPULATION TO CONTINUE HEARING AND EXCLUDE TIME; [PROPOSED] ORDER |
| v. | |
| BALMORE HERNANDEZ, | |
| Defendant. | |

    The parties first appeared on June 8, 2020 and the matter was continued and time was excluded to June 15, 2020 and later September 3, 2020, for further status. The parties now request that the status conference currently set for September 3, 2020 be continued two weeks to September 17, 2020.

    It is further stipulated by and between counsel for the United States and counsel for defendant Balmore Hernandez, that time be excluded under the Speedy Trial Act from September 3, 2020 through September 17, 2020. Defendant Hernandez waives the time for a preliminary hearing on the Complaint under Rule 5.1 of the Federal Rules of Criminal Procedure through September 17, 2020.

    The parties stipulate and agree that an exclusion of time is appropriate in light of the complexity of the case – which the government represents involves more than 1,500 recorded calls or conversations

and thousands of pages of documents – the time available for indictment under the circumstances within the time specified by 18 U.S.C. § 3161(b), and for effective preparation of counsel. *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), 3161(h(7)(B)(iv); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The parties further stipulate and agree that the ends of justice served by excluding the time from September 3, 2020, through September 17, 2020, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

SO STIPULATED.

DATED: September 2, 2020

/s/
SCOTT D. JOINER
Assistant United States Attorney

DATED: September 2, 2020

/s/
JULIA JAYNE
JAYNE LAW GROUP, P.C.
Counsel for Defendant Balmore Hernandez

**[~~PROPOSED~~] ORDER**

Pursuant to stipulation, the status hearing currently set for September 3, 2020, is HEREBY CONTINUED to September 17, 2020. Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from September 3, 2020 through September 17, 2020, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also finds that excluding the time from September 3, 2020 through September 17, 2020, is appropriate in light of the complexity of the case, which the government represents involves more than 1,500 recorded calls or conversations and thousands of pages of documents, and the amount of time necessary to return and file an indictment under the circumstances, including the current pandemic and shelter-in- place orders, within the time specified by 18 U.S.C. § 3161(b). *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time from September 3, 2020 through September 17, 2020, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from September 3, 2020 through September 17, 2020, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv). The Court also orders that the time for a preliminary hearing be extended under Rule 5.1 of the Federal Rules of Criminal Procedure and the time within which to conduct a preliminary hearing is waived with the

/ /

/ /

/ /

[PROPOSED] ORDER
CR 20-MJ-70705

1 | consent of the Defendant through September 17, 2020.

2 |     IT IS SO ORDERED.

4 | DATED: September 2, 2020

*[signature]*
HON. VIRGINIA K. DEMARCHI
UNITED STATES MAGISTRATE JUDGE